SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJNEESH CHOPRA and RADHIKA RAYADU VOORUVAKILI,<br><br>                Plaintiffs<br><br>   v.<br><br>PETER D. KEISLER,* Attorney General of the United States; MICHAEL CHERTOFF, Secretary of the U.S. Department of Homeland Security; EMILIO T. GONZALES, Director of U.S. Citizenship and Immigration Services; ROSEMARY MELVILLE, San Francisco District Director; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation,<br><br>                Defendants. | No. C 07-3649 RS<br><br>ANSWER TO COMPLAINT |

       The Defendants hereby submit their answer to Plaintiffs' Complaint for Writ in the Nature of Mandamus and Declaratory Judgment Under 28 U.S.C. §§ 1361 and 1331, 5 U.S.C. §§ 551 <u>et seq</u>. and 701 <u>et seq</u>.

       1.    Paragraph One consists of Plaintiffs' characterization of this action for which no answer is necessary; however, to the extent a response is deemed to be required, the Defendants

---

*Pursuant to Fed. R. Civ. P. 25(d)(1), Peter D. Keisler is substituted for his predecessor, Alberto Gonzales, as the United States Attorney General.

ANSWER
C 07-2469 RS

1  deny that they have improperly withheld action on Plaintiffs' applications to their detriment.

**PARTIES**

2. Defendants lack sufficient information to admit or deny the first sentence of Paragraph Two, and on that basis, deny it. Defendants admit that Plaintiffs filed their I-485 applications on December 23, 2004.

3. Defendants deny the allegations in Paragraph Three.

4. Defendants admit the allegations in Paragraph Four.

5. Defendants admit the allegations in Paragraph Five.

6. Defendants admit the allegations in Paragraph Six.

7. Defendants admit the allegations in Paragraph Seven.

**JURISDICTION**

8. Paragraph Eight consists of plaintiffs' allegations regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny that this Court has jurisdiction under any of the provisions cited in Paragraph Eight.

**VENUE**

9. Paragraph Nine consists of plaintiffs' allegations regarding venue, to which no responsive pleading is required. Defendants aver that unless specifically provided by law, aliens have no residence in the United States for purposes of venue. To the extent a response is required, Defendants deny that venue is proper in this district.

**INTRADISTRICT ASSIGNMENT**

10. Paragraph Ten consists of plaintiffs' allegations regarding intradistrict assignment, to which no responsive pleading is required.

**EXHAUSTION OF REMEDIES**

11. Defendants deny that Plaintiffs exhausted their administrative remedies.

**CAUSE OF ACTION**

12. Defendants admit the allegations in Paragraph Twelve.

13. Defendants admit the allegations in Paragraph Thirteen.

14.   Defendants admit the allegations in Paragraph Fourteen.

15.   Defendants admit the allegations in Paragraph Fifteen.

16.   Defendants are without sufficient information to admit or deny the allegations in Paragraph Sixteen, and on that basis, deny them.

17.   Defendants admit the allegations in Paragraph Seventeen.

18.   Defendants are without sufficient information to admit or deny the allegations in Paragraph Eighteen, and on that basis, deny them.

19.   Defendants are without sufficient information to admit or deny the allegations in Paragraph Nineteen, and on that basis, deny them.

20.   Defendants admit that it has been more than thirty months since Plaintiffs filed their applications; however, defendants deny the remaining allegations in this paragraph.

21.   Defendants deny the allegations in Paragraph Twenty-One.

22.   Defendants deny the allegations in Paragraph Twenty-Two.

23.   Defendants deny the allegations in Paragraph Twenty-Three.

24.   Defendants deny the allegations in Paragraph Twenty-Four.

(a)   Plaintiffs had advance parole on November 30, 2005, and were eligible to apply for EAD.

(b)   Defendants deny the allegations in Paragraph Twenty-Four subsection (b).

25.   Defendants deny the allegations in Paragraph Twenty-Five.

26.   Defendants deny the allegations in Paragraph Twenty-Six.

27.   Defendants deny the allegations in Paragraph Twenty-Seven.

## PRAYER

28.   Paragraph Twenty-Eight consists of Plaintiffs' prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny this paragraph.

## AFFIRMATIVE AND/OR OTHER DEFENSES

All allegations not here before specifically admitted, denied, or modified are hereby denied. For further and separate answer, Defendants allege as follows:

FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action

SECOND DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

THIRD DEFENSE

No acts or omissions by the United Stats or its employees were the proximate cause of any injury or damages to the Plaintiffs.

FOURTH DEFENSE

At all times alleged in the complaint, Defendants were acting with good faith, with justification, and pursuant to authority.

FIFTH DEFENSE

The Defendants are processing the application referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice; that Plaintiffs take nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: September 17, 2007                                 Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

                /s/
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendants